IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 22-10037-1-JWB

OSCAR ESPARZA-PEREZ,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to reduce sentence. (Doc. 56.) The motion is ripe for decision.[1] (Doc. 58.) The motion is DENIED for the reasons stated herein.

**I.    Facts and Procedural History**

On May 23, 2023, Defendant pleaded guilty to a superseding indictment charging him with distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. 36.) A presentence report ("PSR") was prepared by the probation office. (Doc. 39.) According to the PSR, Defendant's base offense level was calculated at 30 and reductions of two-levels were applied pursuant to §§ 2D1.1(b)(18) (safety valve) and 3B1.2(b) (minor participant). (*Id.* at ¶¶ 40–43.) This resulted in an adjusted offense level of 26. (*Id.* at ¶ 45.) After further reductions for acceptance of responsibility, Defendant's total offense level was calculated at 23 by the probation office. (*Id.* at ¶¶ 47–49.) Defendant had no scoreable criminal history, which resulted in a criminal history score of zero and a criminal history category of I. (*Id.* at 12, ¶¶ 53–54.) Based upon his total offense level of 23 and a criminal history category of I, Defendant's guideline imprisonment range was calculated at 46–57 months. (*Id.* at ¶ 114.)

---

[1] Defendant did not file a reply and the time for doing so has now passed.

1

Defendant was sentenced to 49 months on November 2, 2023. (Doc. 53.) With respect to the PSR, the court held that the minor role participant did not apply. (Doc. 54 at 1.) As such, Defendant was not entitled to the two-level reduction that had been applied under that provision. Further, because Defendant was sentenced after November 1, the amendment to the guidelines regarding zero-point offenders "became effective" and he qualified for the two-level reduction under the amendment. (*Id.*) This caused Defendant's offense calculation of 23 to remain the same and the range of imprisonment to remain the same as previously calculated. (*Id.*)

Defendant now moves for a sentence reduction under the amendment.

**II.     Analysis**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited March 4, 2024).

Defendant argues that he is entitled to a two-level reduction because he is a zero-point offender. As pointed out in the procedural history, however, this court applied the two-level reduction to Defendant's calculated guidelines range. (Doc. 54 at 1.) Therefore, his motion lacks merit.

2

### III.     Conclusion

Defendant's motion to reduce sentence (Doc. 56) is DENIED.

IT IS SO ORDERED.  Dated this 4th day of March, 2024.

                                                      _s/ John W. Broomes_
                                                      JOHN W. BROOMES
                                                      UNITED STATES DISTRICT JUDGE